IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN KRAFCHICK, | § | |
| | § | No. 233, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0101010946 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 6, 2025
Decided: October 14, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) Steven Krafchick appeals the Superior Court's denial of his motion for the correction of an illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Krafchick's opening brief that his appeal is without merit. We agree and affirm.

(2) In February 2002, Krafchick pleaded guilty to second-degree murder and possession of a deadly weapon during the commission of a felony ("PDWDCF"). The Superior Court immediately sentenced Krafchick to a total of 40 years of incarceration, followed by probation. Krafchick appealed. We

remanded the matter to the Superior Court and directed the court to "set forth with particularity [its] reasons for imposing a sentence that exceeded" the Sentencing Accountability Commission's ("SENTAC") sentencing guidelines.[1]  The Superior Court did so, and we affirmed Krafchick's convictions and sentence.[2]

(3)     In May 2025, Krafchick moved for the correction of an illegal sentence under Superior Court Criminal Rule 35(a), arguing that his sentence was illegally enhanced based on facts not found unanimously by a jury, in violation of *Erlinger v. United States*,[3] and that the General Assembly's adoption of the SENTAC sentencing guidelines was unconstitutional.  The Superior Court denied the motion, and this appeal followed.

(4)     We review the denial of a motion for correction of illegal sentence for abuse of discretion.[4]  To the extent a claim involves a question of law, we review the claim *de novo*.[5]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

---

[1] State's Mot. to Affirm, Ex. A.
[2] *Krafchick v. State*, 823 A.2d 491, 2003 WL 21054791 (Del. May 8, 2003) (TABLE).
[3] 602 U.S. 821 (2024).
[4] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(5) We agree with the Superior Court that *Erlinger* is not applicable here. In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually any fact that *increases the prescribed range of penalties* to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[7] In 2000, when Krafchick engaged in the conduct that formed the basis of his guilty plea, second-degree murder was a class B felony for which he was subject to a sentencing range of 10 to 20 years of incarceration, and PDWDCF was a class B felony for which he was subject to a sentencing range of 2 to 20 years of incarceration.[8] *Erlinger* is not implicated here because the aggravating factors that the Superior Court cited to explain its upward departure from the SENTAC sentencing guidelines did not increase the range of penalties to which Krafchick was otherwise exposed.

(6) We also reject Krafchick's argument that the General Assembly's adoption of the SENTAC sentencing guidelines somehow deprived him of due process. As we have previously noted, "[a]t the present time, there is no constitutional or statutory right in Delaware to appeal a criminal punishment on the

---

[7] *Erlinger*, 602 U.S. at 834 (citation modified and emphasis added).
[8] *See* 11 *Del. C.* § 635 (2000) ("Murder in the second degree is a class B felony. Notwithstanding any provision of this title to the contrary, the minimum sentence for a person convicted of murder in the second degree in violation of this section shall be 10 years at Level V."); *id.* § 1447 (2000) (defining PDWDCF as a class B felony); *id.* § 4205 (2000) (establishing a sentencing range of 2 to 20 years for a class B felony).

3

sole basis that it deviates from the SENTAC sentencing guidelines."[9]  But "this Court *does* have appellate jurisdiction to review criminal sentences on the basis of alleged: unconstitutionality; factual predicates which are either false, impermissible, or lack minimum indicia of reliability; judicial vindictiveness, bias, or sentencing with a 'closed mind;' and any other illegality."[10]  Indeed, we reviewed Krafchick's sentence on direct appeal with those principles in mind.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[9] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).
[10] *Id.*